IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION
:
v. :
:
MARK WILLIAMS : NO. 10-427-6

MEMORANDUM

Bartle, J. July 5, 2011

The Court has before it the motion of defendant Mark Williams, a former Philadelphia police officer, for a judgment of acquittal, under Rule 29(c) of the Federal Rules of Criminal Procedure, on the charges of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and carrying a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On March 4, 2011 defendant Williams was convicted by a jury of these crimes as well as four other offenses.[1]

The crimes at issue arose out of a scheme involving several Philadelphia police officers including Williams to steal

---

1. The other offenses were: conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 (Count 1); distribution of 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(Count 6); possession with intent to distribute 100 grams or more of heroin within 1000 feet of a school in violation of 21 U.S.C. § 860(a)(Count 7); and use of a communication facility in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(a) (Count 8).

heroin and later, cash by conducting sham traffic stops.  In the first scheme, Williams and his partner conducted a traffic stop of co-defendant Angel Ortiz for the purpose of stealing a quantity of heroin obtained from Ortiz's supplier, defendant Miguel Santiago.  In the second scheme, Williams planned to conduct a traffic stop involving a purported member of the Mafia, in actuality an undercover agent, who was said to be delivering gambling proceeds from New Jersey to Philadelphia for money laundering.  Williams had intended to seize the money as contraband and distribute it among his co-conspirators.

The Hobbs Act prohibits any robbery or extortion or attempt or conspiracy to rob or extort that "in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce."  18 U.S.C. § 1951(a).  Williams first contends that the government's evidence failed to establish that his conduct had an effect on interstate commerce because his intended victim was merely a government agent posing as a money launderer.  He maintains that no effect on interstate commerce could exist because there was no money to transport across state lines.  This argument is without merit.  Under the Hobbs Act, fictitious schemes satisfy the interstate commerce element of a Hobbs Act violation. United States v. Manzo, 636 F.3d 56, 61 (3d Cir. 2011).  Factual impossibility is no defense.  Though a project may be fictitious, the Hobbs Act

extends to inchoate threats to interstate commerce as well as those that are achieved. See United States v. Jannotti, 673 F.2d 578 (3d Cir. 1982).

Williams further argues that the government's evidence failed to establish that his conduct constituted an attempt to commit Hobbs Act robbery because he did not take a substantial step towards committing the offense. At trial the government presented evidence that Williams participated in numerous meetings to plan the robbery, took official police paperwork and a police vehicle to use in the scheme, and armed himself in preparation for the robbery. These acts constitute "substantial steps" in the commission of the crime. United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006).

Finally, he seeks acquittal on his conviction for carrying a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Williams asserts that the government's evidence failed to establish that there was a threat of harm or force in his ruse to take drugs or money from the victim. Moreover, because there was no threat of harm, Williams contends that there was no crime of violence, and therefore he was not in violation of § 924(c). This argument is likewise without substance. An action committed in an official capacity does not require threatened force since it is inherently coercive. See United States v. Manzo, 636 F.3d 56, 65 (3d Cir.

2011). By appearing as a police officer, attempting to confiscate the funds pursuant to arrest, Williams acted "under color of official right." See Evans v. United States, 504 U.S. 255 (1992). It is also well settled that "a conspiracy to commit robbery is a crime of violence." United States v. Gillard, 248 Fed. Appx. 462, 465 (3d Cir. 2007). Thus, all the elements of the crime under § 924(c) were satisfied.

Accordingly, the motion of defendant Mark Williams for judgment of acquittal will be DENIED.