IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 10-427 |
| MARK WILLIAMS | : | |

MEMORANDUM

Bartle, J.                                              July 14, 2020

The Court has before it the motion of defendant Mark Williams, acting pro se, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On March 4, 2011, following a five-day jury trial, defendant was found guilty of: one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; one count of distribution of 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B), and 18 U.S.C. § 2; one count of possession with the intent to distribute 100 grams or more of heroin within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2; one count of use of a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(a); one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2; one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and 18

U.S.C. § 2; and one count of carrying a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.  At the time of his crimes, defendant was a Philadelphia police officer.

On August 18, 2011, this Court sentenced defendant to 168 months imprisonment to be followed by 8 years of supervised release.  Defendant is currently serving his sentence at the Federal Correctional Institution in Ashland, Kentucky with an estimated release date of March 30, 2023.

At present, defendant has pending a motion to vacate, set aside, and/or correct his sentence under 28 U.S.C. § 2255.  The motion is stayed while awaiting a decision of the Court of Appeals on an issue involved in this and a number of other actions.

II

Defendant's motion for compassionate release relies on section 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>   (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt

> of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i)  extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in sentence.  It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of

3

> the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

### III

Defendant asserts that compassionate release should be granted because: (1) he is "especially vulnerable to infection as a BOP inmate" in light of the COVID-19 pandemic; (2) he "does not present a danger to the community" as he has been rehabilitated in prison; (3) his 12-year-old son's mother recently passed away and needs a caregiver; and (4) his sentence is likely to be reduced because his underlying crime of conspiracy to commit or attempt to commit Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(1).

The Government opposes defendant's motion. It maintains that defendant has not stated appropriate reasons for compassionate release. The Government asserts that defendant does not have any underlying health conditions that would make him eligible for compassionate release and that he "merely speculates that he might be more likely to catch COVID-19 in prison than out on the street." According to the Government, defendant also fails to carry his burden for reduction of sentence because rehabilitation and family circumstances are "not a basis for relief" and "do not meet the narrow test set forth in the guideline policy statement." The Government further argues that defendant's "objection to the 924(c) sentence" is irrelevant for compassionate release.

Defendant acknowledges that he "does not have any underlying health conditions that put[s] him at greater risk of becoming infected with and dying from COVID-19." Rather, defendant states that he "faces a significantly higher rick [sic] of contracting COVID-19 because of the conditions of confinement." The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular

5

prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  The Bureau of Prisons, including FCI Ashton, has in place protocols to deal with this disease, and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that he has any health condition that constitutes a serious medical impairment as defined in the Sentencing Guidelines.  The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here.  Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence.  These factors include the need to: "reflect the nature and circumstances of the offense and the history and characteristics of the defendant";

"reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, defendant claims that he should be granted compassionate release because of his "rehabilitation while incarcerated," and that he "does not present a security risk." According to defendant, he is now "mature and ambitious. He acts as a mentor for young inmates [and] works . . . as a production clerk." He further asserts that he has "significant support in the community" and that his 12-year-old son is "in need of a caregiver." The court accepts defendant's representation that while incarcerated he has taken part in opportunities to assist others. While the court applauds defendant for any strides he has made toward rehabilitation, these factors alone do not allow for his release. Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. In any event, his rehabilitation and good works do not outweigh other section 3553(a) factors which support the need for him to serve the sentence imposed.

This Court cannot ignore the seriousness of defendant's criminal history. As noted before, defendant was found guilty of crimes involving drug trafficking, conspiracy to commit robbery, and illegal possession of a firearm. At the

7

time of his crimes, defendant was a Philadelphia police officer. While on duty, he conspired to conduct a sham traffic stop and pretended to arrest a drug dealer within close proximity to the KIPP Philadelphia Charter School. He later released the drug dealer (who was in reality an undercover FBI agent) in exchange for $6,000. During another instance, while on restricted duty, he "armed himself with his personal firearm, and without authorization took a Philadelphia Police Department wagon" to rob a "mafia member." These crimes were of an extremely serious nature and underscore the danger defendant posed to the community. Even if he no longer would pose a danger to the community, we do not find this factor controlling. Releasing defendant now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct. See section 3553(a).

In addition to his arguments for compassionate release under 18 U.S.C. § 3582(c)(1)(A), defendant also asserts grounds for relief based on his belief that his sentence is likely to be reduced because his underlying crime of conspiracy to commit or attempt to commit Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(1). Defendant contends that as a result of the decision in United States v. Davis, 139 S. Ct. 2319 (2019), his conspiracy offense "no longer qualifies

8

as a 924(c) predicate" and therefore, "a sentence reduction to time served" would be appropriate.  This is also the primary basis of his pending 28 U.S.C. § 2255 motion for relief before this Court.  See Doc. No. 401.  On May 16, 2016, Chief Judge Tucker ordered that "all motions filed under 28 U.S.C. § 2255, or any other provision of law, seeking collateral relief based on Johnson [v. United States, 135 S. Ct. 2551 (2015)], whether filed before or after the issuance of this Order, are STAYED," pending resolution of relevant issues by our Court of Appeals.[1]  While this issue raised by defendant is a proper consideration under 28 U.S.C. § 2255, it is not an appropriate factor for consideration under 18 U.S.C. § 3582(c)(1)(A) for compassionate release.

      The Court, taking all the relevant facts into account, finds that Mark Williams has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the petition of defendant under 18 U.S.C. § 3582(c)(1)(A).

---

[1]  This issue has been fully briefed to the Third Circuit and a decision is forthcoming.  See United States v. Copes, No. 19-1494 (3d Cir. October 23, 2019); and United States v. Walker, No. 15-4062 (3d Cir. October 5, 2019).